UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORMEL FOODS CORPORATION HOURLY EMPLOYEES' PENSION PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARIE E. PEREZ,<br><br>Defendant. | Case No.   1:22-cv-00879-JLT-EPG<br><br>ORDER SETTING DEADLINE RE: DEFAULT JUDGMENT<br><br>(ECF Nos. 11, 12) |

Plaintiffs filed this action on July 15, 2022, seeking to recover funds allegedly paid in err to Defendant. (ECF No. 1). Defendant appeared *pro se at* a telephonic status conference but has failed to timely respond to the complaint. (ECF No. 8). While Plaintiffs state that the parties tried to settle the matter, Defendant has purportedly failed to respond to Plaintiffs' attempts to execute a final settlement agreement. (ECF No. 11). Accordingly, Plaintiffs have sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF Nos. 11, 12).

Given the Clerk's entry of default, the Court will set a deadline for Plaintiffs to move for default judgment under Rule 55(b)(2).[1] Additionally, the Court advises Plaintiffs of the following basic requirements for a motion for default judgment.[2]

---

[1] Alternatively, if Plaintiffs believe a default judgment by the Clerk is appropriate under Rule 55(b)(1), Plaintiffs may file such a request.

[2] This order does not purport to advise Plaintiffs of all requirements that may be applicable to a motion for default judgment.

1

The motion must establish proper service on Defendant and the Court's jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process."). The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). And the motion must support any request for attorney fees, costs, and prejudgment interest. *See In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (noting party seeking attorney fees and costs must specify basis for such award); *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) ("Whether prejudgment interest is permitted in a particular case is a matter of statutory interpretation, federal common law, and, in some instances, state law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Accordingly, IT IS ORDERED as follows:

1. Plaintiffs have until April 28, 2023, to move for default judgment against Defendant.
2. Plaintiffs' motion for default judgment shall provide developed argument, including specific citation to the record and relevant legal authority, in addressing the requirements discussed above and any other applicable requirements. *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that motions must "state with particularity the grounds for seeking the order).
3. The Clerk shall mail a copy of this order to Defendant Marie E. Perez at 1110 Kaweah Street, Hanford, CA 93230.

IT IS SO ORDERED.

Dated:   **March 28, 2023**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

2