UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORMEL FOODS CORPORATION HOURLY EMPLOYEES' PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARIE E. PEREZ, <br><br> Defendant. | Case No. 1:22-cv-00879-JLT-EPG <br><br> ORDER PERMITTING SUPPLEMENT IN SUPPORT OF MOTION OF DEFAULT JUDGMENT <br><br> (ECF No. 14) |

      Plaintiffs filed this action on July 15, 2022, seeking to recover funds allegedly paid in err to Defendant. (ECF No. 1). Defendant appeared *pro se* at a telephonic status conference but has failed to timely respond to the complaint. (ECF No. 8). While Plaintiffs state that the parties tried to settle the matter, Defendant has purportedly failed to respond to Plaintiffs' attempts to execute a final settlement agreement. (ECF No. 11). Accordingly, Plaintiffs have sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF Nos. 11, 12).

      Given the Clerk's entry of default, the Court issued on order on March 28, 2023, setting a deadline for April 28, 2023, for Plaintiffs to move for default judgment under Rule 55(b)(2). (ECF No. 14). Additionally, the Court advised Plaintiffs of the basic requirements for a motion for default judgment, including establishing proper service and the Court's jurisdiction, addressing the relevant default factors, and supporting any request for attorney fees, costs, and prejudgment interest.

Plaintiffs timely filed a motion for default judgment on April 28, 2023. (ECF No. 14). Upon initial review of the motion, the Court will permit Plaintiffs to file a supplement.

Notably, the Court's prior order directed Plaintiffs to "provide developed argument, including specific citation to the record and relevant legal authority, in addressing the requirements discussed above and any other applicable requirements." However, a preliminary review of the motion reveals, among other things, as follows: (1) Plaintiffs identify no specific rule (ECF No. 14-1, p. 10) under which Defendant was purportedly served; (2) while Plaintiffs mention the relevant default factors (*id.* at 9), they do not apply them to the facts of the case in any meaningful way, including failing to provide any substantive argument as to how the claims have been established here; and (3) while the motion seeks costs (*id.* at 12), it does not specify the costs requested or explain why they should be awarded.

Given these circumstances, IT IS ORDERED as follows:

1. Plaintiffs are permitted to file a supplement by May 22, 2023, providing developed argument in support of their motion for default judgment.
2. If Plaintiffs choose to not file a supplement by this date, the Court will address the motion for default judgment as currently briefed.

IT IS SO ORDERED.

Dated:   **May 1, 2023**                    /s/ Eric P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

2