UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORMEL FOODS CORPORATION HOURLY EMPLOYEES' PENSION PLAN, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARIE E. PEREZ,<br><br>Defendant. | No. 1:22-cv-00879-JLT-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 26) |

    Plaintiffs Hormel Foods Corporation Hourly Employees' Pension Plan (the Plan) and Hormel Foods Corporation (Hormel) filed this action on July 15, 2022 against Defendant Marie E. Perez. (Doc. 1.) According to the undisputed facts alleged in the complaint, Hormel sent a form to former employees who were deemed eligible to receive a "Lump Sum Window" benefit under amendments made to the Plan in 2020. (*Id*., ¶¶ 11–14.) Due to an "administrative oversight,"[1] Hormel inadvertently sent the form to Defendant, who never worked for Hormel and was never a Plan participant. (*Id*., ¶ 15–16.) Hormel should have sent the form to a different Marie E. Perez, an individual who had been an employee at the Hormel plant in Fremont, California, but who passed away in 2019. (*Id*., ¶¶ 15, 25.) Defendant signed the form and

---

[1] Hormel alleges that "Defendant is using the same name and tax identification number as the deceased Marie E. Perez," (Doc. 1, ¶ 26.), an assertion that is mentioned only in the Complaint, and not in the motion or the objections,

1

1   returned it to Hormel. (*Id.*, ¶ 21.) Hormel issued a check for $15,690.30 to Defendant, who

2   cashed it. (*Id.*, ¶¶ 22–23.) Hormel later learned that the check had been sent to the wrong Marie

3   E. Perez. (*Id.*, ¶ 24.) Hormel reached out to Defendant to demand return of the funds. (*Id.*, ¶¶ 27–

4   31.) Defendant refused. (*Id.*, ¶ 36.)

5       Plaintiffs' complaint asserts two causes of action under ERISA: (1) a claim under 29

6   U.S.C. § 1132(a)(3) for equitable relief; and (2) a claim under § 1132(a)(2) for breach of

7   fiduciary duty. The Clerk of Court entered default against Defendant on March 27, 2023 (Doc.

8   12), and Defendant moved for default judgment on its claim for breach of fiduciary duty. (Doc.

9   14; *see also* Doc. 26 at 5.) Hormel contends in that claim that Defendant is a fiduciary with

10  respect to the Plan who breached a responsibility, obligation or duty imposed upon fiduciaries by

11  returning the form and keeping the money deposited in her account. (*See* Doc. 1, ¶¶ 43–46.)

12      The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

13  § 636(b)(1)(B) and Local Rule 302. On October 11, 2023, the assigned magistrate judge entered

14  findings and recommendations, recommending that the motion for default judgment be denied

15  after concluding that Defendant was not a fiduciary under the circumstances. (Doc. 26 at 6–12.)

16  The magistrate judge also recommended that Plaintiffs' accompanying bill of costs be denied as

17  moot, and that the action be dismissed. (*Id.* at 12.) The findings and recommendations were

18  served on Plaintiffs and contained notice that any objections thereto must be filed within

19  fourteen days. Hormel filed objections "to all aspects of the findings." (Doc. 29 at 2.) According

20  to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having

21  carefully reviewed the matter, the Court concludes that the findings and recommendations are

22  supported by the record and proper analysis.

23      As the magistrate judge explained, ERISA defines a fiduciary as follows:

24  > Except as otherwise provided in subparagraph (B), a person is a
    > fiduciary with respect to a plan to the extent (i) he exercises any
25  > discretionary authority or discretionary control respecting
    > management of such plan or *exercises any authority or control
26  > respecting management or disposition of its assets* . . . .

27  29 U.S.C. § 1002(21)(A)(i) (emphasis added). In applying this statutory language, the magistrate

28  judge reasonably relied upon *Central States, Southeast and Southwest Areas Pension Fund v.*

*Rodriguez*, No. 18-CV-7226, 2021 WL 131419, at *5 (N.D. Ill. Jan. 14, 2021), which explained that generally that "'the law of trusts often will inform, but will not necessarily determine the outcome of, an effort to interpret ERISA's fiduciary duties.' *Varity Corp. v. Howe*, 516 U.S. 489, 496-97 (1996)," and that "[a] basic principle of trust law is that a person 'who has not accepted the office cannot be compelled to act as trustee' *Restatement (Third) of Trusts* § 35, comment a (2012)."[2] The magistrate judge also persuasively referenced *Bos v. Board of Trustees*, 795 F.3d 1006, 1011 (9th Cir. 2015), as support for the related conclusion "that fiduciary status should not be imposed unless the individual is 'clearly aware of his status as a fiduciary.'" (Doc. 26 at 9.)[3]

For the most part, the objections simply express disagreement with the magistrate judge's reliance on *Central States* and her treatment of other related caselaw. For example, Hormel once again cites the out-of-circuit cases that the magistrate judge discussed in detail and declined to follow. (Doc. 29 at 3–4.) Hormel argues that the magistrate judge was incorrect to distinguish these cases on the grounds that the parties found to be fiduciaries therein had some prior relationship with the ERISA plan in question; rather, Hormel suggests that the proper focus should be on whether the defendant knowingly accepted and retained plan money the defendant was not entitled to recover. (*Id*. at 4 (arguing that "nothing in [the above referenced cases] or in ERISA suggests that [the party having an established relationship with the plan] matters").) The Court disagrees and adopts the magistrate judge's reasoning on these issues. In short, Defendant was not a Plan participant and had no reason to know of or understand the Plan's benefits or restrictions, nor did she have any reason to believe or understand that she might be considered a

---

[2] Hormel attempts to diminish *Central States*' reasoning by pointing out that the case was decided on summary judgment, rather than on a motion for default judgment. (Doc. 29 at 4.) This is not compelling. As the findings and recommendations explain (Doc. 26 at 4), in the context of a default judgment motion, well-pleaded factual allegations, except those related to damages, are accepted as true, but "necessary facts not contained in the pleadings, and **claims which are legally insufficient**, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (emphasis added).

[3] Even though *Bos* was a bankruptcy case, as Hormel notes (Doc. 29 at 4–5), it quoted *ITPE Pension Fund v. Hall*, 334 F.3d 1011, 1015, (11th Cir. 2003), an ERISA case, a fact the magistrate judge pointed out (Doc. 26 at 9). The principle set forth in *Hall* was also relied upon by a case cited by Hormel: *Int'l Painters & Allied Trades Indus. Pension Fund v. Aragones*, 643 F. Supp. 2d 1329, 1336 (M.D. Fla. 2008) (explaining that notice is required before an ERISA fiduciary duty is imposed on a corporate officer).

fiduciary.[4]

Hormel's final objection is that "a criminal could knowingly and intentionally hack into an ERISA pension plan's bank account, steal billions, and face no ERISA liability" if the findings and recommendations are correct. (Doc. 29 at 6.) Hormel's objection is unsupported by authority and clearly, the determination that Perez is not subject to ERISA remedies, ignores the existence of non-ERISA remedies and criminal sanctions available under these circumstances.

Finally, the Court notes that the findings and recommendations indicated that Hormel only sought default judgment on its fiduciary duty claim. (Doc. 26 at 5.) Treating the other claim as abandoned, the magistrate judge recommended dismissal of the complaint, termination of the bill of costs, and closure of the case. (*Id*. at 12.) Hormel did not object to any of these recommendations.

Having carefully reviewed the entire file, including Hormel's objections (Doc. 29), the Court concludes that the findings and recommendations are supported by the record and proper analysis. Consequently, the Court adopts the findings and recommendations (Doc. 26) in full. Thus, the Court **ORDERS**:

1. The findings and recommendations entered on October 11, 2023 (Doc. 26) are **ADOPTED IN FULL**.
2. Hormel's motion for default judgment (Docs. 14, 18, 25) is **DENIED**.
3. Plaintiffs' bill of costs (Doc. 19) is **DENIED** as moot.
4. This case is **DISMISSED**.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **February 24, 2024**

UNITED STATES DISTRICT JUDGE

---

[4] To the extent that Hormel continues to maintain that Defendant was using the tax identification number of the real and deceased Marie E. Perez (Doc. 1, ¶ 26), this changes nothing. The law requires notice, and all Hormel alleges is that they sent two forms to the "wrong" Marie E. Perez to make an election regarding the disputed lump sum benefit and then to specify the mode of payment. (Doc. 1, ¶ 13–24.) These forms, which were attached to the complaint, contain almost no substantive information about the Plan and therefore do not suggest how Defendant would have been made "clearly aware of [her] status as a fiduciary."

4